UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>GLADYS E. HURLBUTT | : CHAPTER 13<br>: |
| Debtor | : CASE NO. 1-bk-20-02553-HWV |
| THEODORE F. REYNOLDS, JR. | : |
| Movant | : |
| vs. | : |
| GLADYS E. HURLBUTT | : |
| Respondent | : |

**MOTION OF THEODORE F. REYNOLDS, JR. FOR AN ORDER DISMISSING
DEBTOR'S CHAPTER 13 CASE, WITH PREJUDICE**

AND NOW, comes Lisa A. Rynard, Esquire, Counsel for Theodore F. Reynolds, Jr. ("Movant"), and respectfully moves this Court to enter an Order dismissing Debtor's Chapter 13 case, with prejudice. In support of this Motion, the Movant states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §151, §157(a) and (b)(1) and §1334(a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. §157(a), (b)(1) and (2)(A). Venue of this matter is proper in this District pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for this Motion are 11 U.S.C. §105, 11 U.S.C. §349(a) and 11 U.S.C. §1307(c).

2. Theodore F. Reynolds, Jr. (the "Movant") is a creditor in Debtor's Chapter 13 proceeding, by virtue of a Judgment against Debtor, dated July 2, 2018, entered in Snyder County, PA to No. CV-206-2018, as follows:

   a. Proof of Claim #4 – in the amount of $270,804.02.

3. On or about August 27, 2020 (the "Petition Date"), Gladys E. Hurlbutt

("Debtor") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code. (the "Bankruptcy Code"). *See Docket Entry #1.*

4. The Chapter 13 Meeting of Creditors ("§341 Meeting") was scheduled for October 1, 2020. The §341 Meeting was held and concluded that date.

5. The Debtor filed her 1st Amended Chapter 13 Plan ("1st Amended Plan") on September 2, 2020. *See Docket Entry #13.*

6. The last date for objections to the 1st Amended Chapter 13 Plan was set as October 28, 2020.

7. On or about October 8, 2020, the Chapter 13 Trustee filed an Objection to Debtor's 1st Amended Plan, wherein he alleged that Debtor's 1st Amended Plan was not feasible and/or that Debtor has not submitted all her disposable income to the Trustee as required. *See Docket Entry #20.*

8. On or about October 26, 2020, Movant filed an Objection to Debtor's 1st Amended Chapter 13 Plan wherein he alleged, among other things, that Debtor's 1st Amended Plan violates 11 U.S.C. §1325(a)(3) in that it has not been proposed in good faith. *See Docket Entry #25.*

9. The hearing on Confirmation of the 1st Amended Chapter 13 Plan was initially scheduled for November 24, 2020 and has been continued to May 12, 2021.

10. Movant, in furtherance of his Objection to Debtor's 1st Amended Plan, served on Debtor, through her Counsel, discovery requests and has received responses that were satisfactory to the Movant.

11. Section 1307(c) of the Bankruptcy Code states, ". . ., on request of a party in

interest or the United States trustee and after notice and a hearing, the court may, convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including –". 11 U.S.C. §1307(c).

12. Section 1307(c) provides eleven (11) examples of cause, but it is well established that cause for dismissal is not limited to those examples and that lack of good faith in filing is sufficient cause for dismissal under §1307(c). *In re Lilley*, 91 F.3d 491, 496 (3rd Cir. 1996).

13. "Good faith" is a term incapable of precise definition as such the 3rd Circuit has adopted a totality of the circumstances analysis, relying on factors elucidated by the 7th Circuit: a) the nature of the debt; b) the timing of the petition; c) how the debt arose; d) the debtor's motive in filing the petition; e) how the debtor's actions affected creditors both before and after the petition was filed; and f) whether the debtor has been forthcoming with the bankruptcy court and the creditors. *Lilley* at 496 (citing *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)).

14. Once a party in interest calls a Debtor's good faith into question, the burden shifts to the Debtor and he must show by a preponderance of the evidence that the Chapter 13 petition was filed in good faith. *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000).

15. Dismissal should be reserved for "those egregious cases that entail concealed or misrepresented assets and/or sources of income, . . .". *In re Cartwright*, 2014 Bankr. LEXIS 2518 (Bankr. M.D. Pa. 2014) (quoting *Tamecki* at 207).

16. Movant has identified and asserts the following factual basis for the instant Motion.

## Nature of the Debt

17. Movant's debt originates from his Complaint filed in the Snyder County Court of Common Pleas, alleging unjust enrichment/conversion, conversion of personal property, conversion, forgery and endorser liability, replevin, constructive trust/real estate, and constructive trust/monies of the plaintiff, and the subsequent the Judgment entered July 2, 2018. (See Judgment dated July 2, 2018, attached as Exhibit "A").

## The Timing of the Petition

18. Debtor filed her Chapter 13 Petition on August 27, 2020, just one (1) day after the Snyder County Court of Common Pleas entered an Order permitting Movant to retrieve his solely owned personal property from the Snyder County Sheriff's storage and two (2) weeks prior to the September 9-10, 2020 Sheriff Sale of Debtor's personal property in partial satisfaction of Movant's Judgment. (See Docket Sheet for CV-0206-2018, attached as Exhibit "B").

19. This is Debtor's second Chapter 13 proceeding, in as many years.

20. Debtor's previous Chapter 13 was filed to Case No. 1-19-00032-HWV on February 19, 2019 ("2019 Chapter 13").

21. The 2019 Chapter 13 stayed the Snyder County litigation, post Judgment.

22. On or about November 21, 2019, and during the 2019 Chapter 13, Debtor instituted a malpractice action against her former attorneys in the Snyder County Court of Common Pleas to No. CV-0587-2019. (See Docket Sheet for CV-0587-2019, attached as Exhibit "C").

23. In anticipation of settlement proceeds in the amount of Seventy-Five Thousand

Dollars ($75,000.00) from the malpractice action, Debtor voluntarily dismissed her 2019 Chapter 13 on January 2, 2020. (See Itemized Statement of Settlement Proceeds signed January 28, 2020, attached as Exhibit "D").

24. On February 3, 2020, Debtor deposited her net settlement proceeds of Forty-Five Thousand Three Hundred Dollars ($45,300.00) to her bank accounts at Fulton Bank and Jersey Shore State Bank. (See Fulton Bank Statements for Account #8753 for February 4, 2020 through December 31, 2020 attached as Exhibit "E" and Jersey Shore State Bank Statements for Account #8667 for August 21, 2019 through December 18, 2020, attached as Exhibit "F").

25. Within less than one (1) month, Debtor had nearly depleted the settlement proceeds, mostly in the form of cash withdraws.

26. Debtor then refiled the present Chapter 13 Petition on the eve of Movant's execution.

**The Debtor's Motive in Filing the Petition**

27. Debtor dismissed her 2019 Chapter 13, received significant settlement proceeds, depleted those funds in a matter of weeks, and then refiled the present case to again thwart Movant's retrieval of his personal property, his contempt proceeding, and execution on his Judgment.

28. Debtor's Chapter 13 Petition does not disclose any other pending or emergency proceedings (i.e. foreclosure, collection, execution, garnishments, or emergency) or tax delinquencies which would lead one to question Debtor's motive was for any other reason other than to continue to circumvent Movant's State Court proceedings and pending execution.

29. Debtor listed nine (9) creditors totaling $267,444.88 in unsecured debt on Schedule F, the majority (92%) of which is attributable to Movant's Proof of Claim #4.

30. Debtor's 1st Amended Plan proposes to avoid all but Five Thousand Seventy Dollars ($5,070.00) of Movant's Judgment, strip a wholly unsecured mortgage, and makes no payments to unsecured creditors.

**How Debtor's Actions Affected Creditors**

31. The filing of Debtor's Chapter 13 Petition stayed Movant's Sheriff's Sale and Contempt proceeding in State Court. It also prevented Movant from finally retrieving his solely owned personal property, previously awarded to him nearly three (3) years ago, under the July 2018 Judgment.

32. All other creditors were stayed in any collection activity.

**The Debtor's Treatment of Creditors Both Pre & Post Petition**

33. Despite the receipt and deposit of settlement proceeds ($45,300.00) on February 3, 2020, a comparison of the 2019 Chapter 13 and the present Chapter 13 discloses that Debtor made no effort to resolve any of her outstanding debt with the settlement proceeds.

34. On or about February 3, 2020, the same day as she deposited the settlement proceeds, Debtor withdrew, in the form of cash, Twenty Thousand Dollars ($20,000.00) from her Fulton Bank Acct. #8753. (See Fulton Bank Statements for Account #8753, attached as Exhibit "E").

35. In response to Movant's 2nd Discovery Request #5, Debtor discloses she spent the $20,000.00 withdraw as follows:

    $5,176.00    Home Repair/Maintenance
    $2,000.00    Vehicle Maintenance

| $7,500.00 | Truck Purchase |
| $1,000.00 | Decorative Accessories |
| $3,000.00 | Travel/Vacation |
| $1,500.00 | Living Expenses |

(See Responses to 2nd Discovery Request #5, attached as Exhibit "G").

36. Debtor's discovery disclosures for home maintenance/repairs conflicts with the breakdown provided to the Chapter 13 Trustee in response to his Objection to 1st Amended Plan. (See Home Maintenance Breakdown dated October 5, 2020, attached as Exhibit "H").

37. On or about February 4, 2020, Debtor withdrew, in the form of Check #100, Five Thousand Dollars ($5,000.00) from her Fulton Bank Acct. #8753. (See Fulton Bank Statements for Account #8753, attached as Exhibit "E").

38. In response to Movant's 2nd Discovery Request #6, Debtor discloses that she spent the $5,000.00 withdraw as follows:

| $1,500.00 | Queen Leather Sleeper Sofa |
| $1,000.00 | Various Tools |
| $2,500.00 | Pay bills from 04/01/20 to 05/27/20 |

(See Responses to 2nd Discovery Request #6, attached as Exhibit "G").

39. On or about On or about February 4, 2020, Debtor withdrew, in the form of Check #99, Five Thousand Dollars ($5,000.00) from her Fulton Bank Acct. #8753. (See Fulton Bank Statements for Account #8753, attached as Exhibit "E").

40. In response to Movant's 2nd Discovery Request #6, Debtor discloses that she used the $5,000.00 withdraw to "pay bills from 04/01/20 through 05/27/20". (See Responses to 2nd Discovery Request #6, attached as Exhibit "G").

41. On or about On or about February 12, 2020, Debtor withdrew, in the form of

cash, Three Thousand Dollars ($3,000.00) from her Fulton Bank Acct. #8753. (See Fulton Bank Statements for Account #8753, attached as Exhibit "E").

42. In response to Movant's 2nd Discovery Request #5, Debtor discloses that she used the $3,000.00 withdraw to "pay bills from 04/01/20 through 05/27/20. (See Responses to 2nd Discovery Request #5, attached as Exhibit "G").

43. Based on Debtor's discovery responses, including review of Debtor's Bank Statements, Movant has been unable to trace any of the Thirty-Three Thousand Dollars ($33,000.00) withdrawn from the Fulton Acct. #8753, within a matter of nine (9) days of receipt, as redeposits back to the Fulton Acct. #8753 or to the Jersey Shore Acct. #8667.

44. Between February 18, 2020 and July 30, 2020, Debtor withdrew, in the form of cash, in excess of another Fifty-Three Hundred Dollars ($5,300.00). At least One Thousand Dollars ($1,000.00) has been unaccounted for as "living expenses/bills" and not traceable to either bank account as a redeposit. (See Response to 2nd Discovery Request #5, attached as Exhibit "G").

45. A review of Debtor's Bank Statements for the period of February 1, 2020 through August 27, 2020 discloses that Debtor was making all her basic living expense payments (i.e. mortgages, utilities, insurances, food, transportation, pet care, etc.) payments via these accounts. (See Fulton & Jersey Shore Bank Statement, attached as Exhibits "E" and "F").

46. In addition to the many unreasonable consumer purchases and vacations, it is alleged the Debtor, while paying none of her outstanding debt, spent an unaccounted for Thirteen Thousand Dollars ($13,000.00) from the cash withdraws from Fulton Acct. #8753.

47. Pre-petition, from her settlement proceeds, Debtor, while paying none of her own outstanding debt, purchased a vehicle, believed to be a 2002 Chevrolet Avalanche, for her adult son for Seventy-Five Hundred Dollars ($7,500.00). (See Response to 2nd Discovery Request #5, attached as Exhibit "G").

48. Pre-petition, within the year prior to the present Chapter 13 Debtor, while paying none of her own outstanding debt, made the following payments on accounts solely owned by her adult son, from her Fulton and Jersey Shore accounts:

| | |
|---|---|
| $ 717.24 | Erie Insurance |
| $2,596.55 | Wells Fargo |
| $ 532.25 | CubCadet/TDBank |
| $ 945.00 | Chase |
| $ 595.79 | Genesis FC Card |
| $ 866.93 | Kay's/Commenity |
| $1,025.00 | Discover |
| $ 990.96 | First Premier |
| $1,878.25 | Susquehanna Community Bank |
| $ 444.62 | Camper Storage |
| $2,031.83 | AT&T |
| | |
| $12,624.42 | Total |

(See Fulton & Jersey Shore Bank Statement, attached as Exhibits "E" and "F").

49. Debtor has continued to make payments on her adult son's sole accounts, post-petition. (See Fulton & Jersey Shore Bank Statement, attached as Exhibits "E" and "F").

50. Pre-petition, Debtor, while paying none of her own outstanding debt, made the following payments on accounts solely owned by Shirley Rafter:

$200.00   Visa/Total

(See Fulton & Jersey Shore Bank Statement, attached as Exhibits "E" and "F").

51. Debtor received Unemployment Compensation Benefits during 2020, which she

received via a US Bank Reliacard ("Reliacard"). (See US Bank Statements For May 1, 2020 through August 31, 2020, attached as Exhibit "I").

52. Debtor made the vast majority of all her withdraws from the Reliacard in the form of cash. (See Exhibit "I").

53. Between May 27, 2020 and August 27, 2020, Debtor received $16,970.00 in benefits deposited to the Reliacard. (see Exhibit "I").

54. Between May 27, 2020 and August 27, 2020, Debtor withdrew, in the form of cash, $16,950.48 from the Reliacard. (See Exhibit "I").

55. In response to Movant's 2nd Discovery Request, Debtor discloses that $5,950.00 in cash withdraws were then deposited in her Fulton and Jersey Shore bank accounts. (See Response to 2nd Discovery Request #2, attached as Exhibit "J").

56. In response to Movant's 2nd Discovery Request, Debtor further discloses that another $9,910.00 in cash withdraws was used for unexplained "living expenses". (See Response to 2nd Discovery Request #2, attached as Exhibit "J").

57. Again, a review of Debtor's Fulton and Jersey Shore Bank Statements for May 27, 2020 through August 27, 2020 disclose that Debtor was making all her basic living expense payments (i.e. mortgages, utilities, insurances, food, transportation, pet care, etc.) payments via these two accounts. (See Fulton & Jersey Shore Bank Statement, attached as Exhibits "E" and "F").

58. Given the unaccounted for cash withdraws ($13,000.00) from Debtor's settlement proceeds, coupled with the unaccounted for unemployment compensation ($9,910.00), Debtor has dissipated nearly Twenty-Three Thousand Dollars ($23,000.00) in the six months prior to the present Chapter 13.

59. Debtor's bank statements make it evident that Debtor was paying all her basic living expenses comfortably from funds deposited to those two accounts and her assertions in her discovery responses to the contrary that she spent an additional Twenty-Three Thousand Dollars ($23,000.00) for "living expenses" is just not credible.

60. Debtor's 1st Amended Plan proposes only a nominal payment of $164.00 per month for sixty (60) months, with a base plan of $9,840.00.

61. Debtor's 1st Amended Plan proposes to pay nothing to unsecured creditors and is, in fact, underfunded by the value of her fraudulent transfers to her adult son and not feasible.

**Whether Debtor Was Forthcoming with the Court and Creditors**

62. Debtor, in her Chapter 13 Petition, Schedules, and Statements, has falsified or failed to disclose her assets and income to the Court and her creditors.

63. Specifically, the Debtor has failed to make disclosures or has made false disclosures to the Court and her creditors, through her Chapter 13 filings, of the following:

   a. The malpractice action, docketed to CV-0587-2019, in Snyder County Court of Common Pleas on the Statement of Financial Affairs at Question #9. Debtor did disclose this action in her Amended Statement of Financial Affairs, but only after brought to her attention by Movant.

   b. The receipt of the Seventy-Five Thousand Dollar ($75,000.00) settlement proceeds during the year 2020 on the Statement of Financial Affairs at Questions #5.

c. The payment of Bankruptcy related fees to the Law Office of John M. Hyams, in the amount of $3,360.00, within the year before the filing of the present case, on the Statement of Financial Affairs at Questions #16.

d. The transfer/gift to her adult son in the amount of Seventy-Five Hundred Dollars ($7,500.00), in the form of a vehicle purchase on the Statement of Financial Affairs.

e. The transfer/gift to her adult son in the amount of Twelve Thousand, Six Hundred Twenty Four Dollars and 42/100 ($12,624.42), in the form of payment for debt solely owned by her adult son, on the Statement of Financial Affairs.

f. The disclosure of settlement proceeds in the amount of Seventy-Five Thousand Dollars ($75,000.00) received within the six (6) months preceding the filing of the chapter 13.

64. All seven of the *Lilley* factors support a finding of bad faith.

65. Debtor went to great lengths to conceal any hint to the fact that she received the settlement proceeds and dissipated those funds in a fraudulent manner with the intent to refile a Chapter 13 proceeding and avoid her creditor obligations.

66. Debtor has been on notice since Movant's Objection to Plan was filed that Movant considered her Chapter 13 filing wholly deficient and made in bad faith, yet she's taken little to no action to correct her non-disclosures.

67. 11 U.S.C. §349(a) governs dismissal of a case with prejudice for cause.

68. "Cause" under Section 349(a) has not been defined by the Bankruptcy Code, but a

review of caselaw indicates that egregious conduct must be present, but that a finding of bad faith constitutes such egregiousness. *In re Leavitt*, 209 B.R. 935, 939 ( BAP 9th Cir. 1997).

69. Debtor's bad faith filings before this Court constitute the type of egregious conduct contemplated by Section 349(a), thus deserving of a bar on refiling for a period of at least one (1) year.

70. Debtor has had ample notice and opportunity to correct any errors or omissions in her Chapter 13 Petition, Schedules, and Statements, yet she refuses to do, only serving to prolong her charade by providing the Court with amended documents containing continued non-disclosures.

71. Debtor continues to enjoy the protections of Chapter 13, while making a nominal payment through her 1st Amended Plan, at the expense of her creditors.

WHEREFORE, Movant prays that this Court dismiss Debtor's Chapter 13 case with prejudice barring a refile for a period of at least one (1) year and grant such other relief as is equitable and just.

Respectfully submitted,

PURCELL, KRUG & HALLER

By: /s/ Lisa A. Rynard, Esquire
Lisa A. Rynard, Esquire
1719 North Front Street
Harrisburg, PA 17102
(717) 234-4178
lrynard@pkh.com

Dated: May 10, 2021